# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

PERRY R. NEAL,

      Petitioner,

      v.                                        Case No. 06-C-123

PHIL KINGSTON,

      Respondent.

## ORDER

On January 30, 2006, petitioner Perry Neal filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his December 12, 2000, conviction of ten counts of domestic violence. Neal was sentenced to 48 years in prison and 20 years of extended supervision for his crimes. Along with his petition for a writ of habeas corpus, Neal filed a motion to stay his petition and hold it in abeyance while his appeal of the Wisconsin Court of Appeals' denial of his state habeas petition is pending before the Supreme Court of Wisconsin.

Neal raises three claims in his petition: (1) he claims that his appellate counsel was constitutionally deficient; (2) he claims that the Wisconsin Court of Appeals erred in dismissing his petition for a writ of habeas corpus and denying his motion to reconsider; and (3) he claims the Supreme Court of Wisconsin erred in denying his petition for review on direct appeal.

Neal's petition indicates he has filed three motions for post-conviction relief in addition to a direct appeal of his conviction. The Wisconsin Court of Appeals

affirmed the trial court's judgment of conviction on March 4, 2003, and on May 5, 2003, the Supreme Court of Wisconsin denied Neal's petition for review. The Brown County Circuit Court denied Neal's motion for post-conviction relief on April 12, 2004. The Wisconsin Court of Appeals affirmed the denial of Neal's motion for post-conviction relief on March 29, 2005. On June 1, 2005, the Supreme Court of Wisconsin denied Neal's petition for review of the denial of his motion for post-conviction relief. On January 6, 2006, the Wisconsin Court of Appeals denied Neal's petition for a writ of habeas corpus alleging ineffective assistance of appellate counsel and post-conviction counsel. On January 19, 2006, the Wisconsin Court of Appeals denied Neal's motion for reconsideration. In his federal habeas petition, Neal states that he appealed the Wisconsin Court of Appeals' denial of his state habeas petition to the Supreme Court of Wisconsin, and that the appeal was pending at the time he filed his federal habeas petition.

Neal presumably filed his federal habeas petition and the motion to stay his petition and hold it in abeyance before the Supreme Court of Wisconsin ruled on his appeal to avoid being barred from filing a federal habeas petition by the one-year period of limitation under § 2244(d). In his motion to stay, Neal indicates that only a few days remain before his federal habeas petition would be considered untimely pursuant to § 2244(d).

A state prisoner in custody pursuant to a state court judgment has one-year from the date "the judgment became final" to seek federal habeas relief. 28 U.S.C. § 2244(d)(1)(A). A judgment becomes final within the meaning of § 2244(d)(1)(A)

when all direct criminal appeals in the state courts are concluded followed by either the completion or denial of certiorari proceedings in the U.S. Supreme Court, or if certiorari is not sought, at the expiration of the 90 days allowed for filing for certiorari. *Anderson v. Litscher*, 281 F.3d 672, 675 (7th Cir. 2002).

The one-year limitation period is tolled pursuant to 28 U.S.C. § 2244(d)(2) during the time "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." *Id.* In essence, the clock on the one-year limitation stops when the state prisoner properly files a state post-conviction petition, and it remains stopped while the petition is pending in state court, and if sought, while there is review in the U.S. Supreme Court. *See Gutierrez v. Schomig*, 233 F.3d 490, 492 (7th Cir. 2000). A petition is "properly filed" within the meaning of Section 2244(d)(2) if the state court accepts and entertains the application on the merits, even if the application technically failed to comply with state procedural requirements. *Fernandez v. Sternes*, 227 F.3d 977, 978 (7th Cir. 2000).

According to the information provided in his federal habeas petition, Neal's conviction became final on August 5, 2003, which is 90 days after the Wisconsin Supreme Court denied Neal's petition for review. Thus, the one-year limitation period began on August 5, 2003. The one-year limitation period continued until February 20, 2004, the day Neal filed his motion for post-conviction relief alleging ineffective assistance of trial counsel. The Supreme Court of Wisconsin denied Neal's petition for review of that claim on June 1, 2005. Pursuant to § 2244(d)(2),

the one-year limitation period is tolled while Neal's properly filed motion for post-conviction relief was pending. As such, the period of time from February 20, 2004, to June 1, 2005, is not counted toward Neal's one-year limitation.

The one-year limitation period began again on June 1, 2005, and continued until November 3, 2005, when Neal filed a petition for a writ of habeas corpus in state court alleging ineffective assistance of appellate counsel and post-conviction counsel. On January 6, 2006, the Wisconsin Court of Appeals denied Neal's state habeas petition and on January 19, 2006, the Wisconsin Court of Appeals denied Neal's motion for reconsideration. Given that Neal has appealed the Wisconsin Court of Appeals' denial of his petition for a writ of habeas corpus and his motion for reconsideration to the Supreme Court of Wisconsin, the one-year limitation period does not resume again until the Supreme Court of Wisconsin rules on Neal's appeal. While is it possible Neal could have been able to file his federal habeas petition after he exhausted the remedies available in state, and before the expiration of the one-year limitation period, the court concludes that Neal's petition will not be dismissed for failure to exhaust his state court remedies under § 2254(b)(1)(A).

By the court's calculation, once the Supreme Court of Wisconsin rules on the appeal of Neal's state habeas petition, Neal would have just 13 days remaining in the one-year limitation period mandated by §§ 2244(d)(1)-(2) to file his federal habeas petition. According to the dates indicated on Neal's petition, 6 months and 15 days were used in the period of time from August 5, 2003, the date the one-year limitation period began, until February 20, 2004, the date Neal filed his motion for

post-conviction relief. And 5 months and 2 days were used in the period of time from June 1, 2005, the date Neal's post-conviction motion became final, until November 3, 2005, the date when Neal filed a petition for a writ of habeas corpus in state court. Thus, Neal has used 11 months and 17 days of his one-year limitation period.

District courts have authority to issue stays. *Landis v. North American Co.*, 299 U.S. 248, 254 (1936). In *Rhines v. Weber*, 544 U.S. 269 (2005), the U.S. Supreme Court held a district court has the discretion to stay a federal habeas petition and hold it in abeyance under limited circumstances: (1) good cause exists for the petitioner's failure to exhaust his claims first in the state courts; (2) the petitioner's claims are not plainly meritless; and (3) there is a reasonable time limit on the petitioner's trip to state court and back. *Id.* at 451-2.

Here, with only 13 days remaining in the one-year period of limitation, the chances of Neal exhausting his claims in state court and refiling his petition in federal court before the limitations period runs out are slim. *See Rhines*, 544 U.S. at 450. Neal states he was first informed that the Supreme Court of Wisconsin denied his petition for review of his conviction about 8 months after the order was issued. (Pet'r Mot. to Stay, 1.) Neal states that months after his petition was denied, his appellate counsel told him that he filed his petition for review, but did not tell him that his petition had been denied. (*Id.*) As a result, several months of the one-year limitation period expired before Neal was notified that his conviction had become final.

-5-
Case 2:06-cv-00123-JPS   Filed 03/24/06   Page 5 of 6   Document 3

The court finds good cause for Neal's failure to exhaust his claims first in state court, and it does not appear these claims are plainly meritless. As such, the court will stay Neal's petition and hold it in abeyance to give him the opportunity to exhaust his state remedies. Once Neal has exhausted his state remedies, the court will grant Neal thirty (30) days to return to federal court. At such time the court will lift the stay and review Neal's federal habeas petition pursuant to Rule 4 of the Federal Rules Governing Section 2254 Cases.

Accordingly,

**IT IS ORDERED** Neal's motion to have his petition stayed and held in abeyance is **GRANTED**

**IT IS FURTHER ORDERED** that Neal shall have **thirty (30) days** from the date of this order, or from the date of the final order of the Supreme Court of Wisconsin in his state habeas petition, whichever is later, to notify this court by letter that his state court remedies have been exhausted. Neal shall include the final order of the Supreme Court of Wisconsin in his state habeas petition with this letter.

Dated at Milwaukee, Wisconsin, this 24th day of March, 2006.

BY THE COURT:

s/J.P. Stadtmueller
J.P. STADTMUELLER
U.S. District Judge