# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

PERRY R. NEAL,

        Petitioner,

        v.                                     Case No. 06-CV-123

PHIL KINGSTON,

        Respondent.

## ORDER

On January 30, 2006, Perry Neal filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his December 12, 2000, conviction of ten counts of domestic violence. Along with his petition for a writ of habeas corpus, Neal filed a motion to stay and hold his petition in abeyance while his appeal of the Wisconsin Court of Appeals' denial of his state habeas petition was pending before the Supreme Court of Wisconsin. By order dated March 24, 2006, the court stayed Neal's federal petition and held it in abeyance to give him the opportunity to exhaust his state remedies. On April 5, 2006, Neal filed a copy of the decision of the Supreme Court of Wisconsin denying Neal's petition for review and added a new claim to his federal habeas petition. Given that Neal appears to have exhausted the remedies available to him in state court, the court will lift the stay and review Neal's federal habeas petition pursuant to Rule 4 of the Federal Rules Governing Section 2254 Cases.

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts authorizes a district court to conduct an initial screening of habeas corpus petitions and to dismiss a petition summarily where "it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief." *See id.* This rule provides the district court the power to dismiss both those petitions that do not state a claim upon which relief may be granted and those petitions that are factually frivolous. *See Small v. Endicott*, 998 F.2d 411, 414 (7th Cir. 1993). Upon an initial Rule 4 review of habeas petitions, the court will analyze whether the petitioner has avoided statute of limitations bars, exhausted available state remedies, avoided procedural default, and set forth cognizable constitutional or federal law claims.

The court begins its Rule 4 review by examining Neal's petition for timeliness. By order dated March 24, 2006, the court determined that Neal filed his petition within the period of limitation set forth in 28 U.S.C. § 2244(d). Additionally, the court stayed Neal's petition, held it in abeyance, and granted Neal 30 days to return to federal court once he exhausted his state remedies. In accordance with that order, on April 5, 2006, Neal filed a copy of the March 15, 2006, decision of the Supreme Court of Wisconsin denying Neal's petition for review. As such, Neal's petition appears to be timely pursuant to § 2244(d).

The court continues its Rule 4 review by examining Neal's petition to determine whether he has exhausted his state remedies. The district court may not address the merits of the constitutional claims raised in a federal habeas petition "unless the state courts have had a full and fair opportunity to review them." *Farrell*

*v. Lane*, 939 F.2d 409, 410 (7th Cir. 1991). Accordingly, a state prisoner is required to exhaust the remedies available in state court before a district court will consider the merits of his federal habeas petition. 28 U.S.C. § 2254(b)(1)(A). If a federal habeas petition has even a single unexhausted claim, the district court must dismiss the entire petition and leave the petitioner with the choice of either returning to state court to exhaust the claim or amending or resubmitting the petition to present only exhausted claims. *Rose v. Lundy*, 455 U.S. 509, 510 (1982). A prisoner exhausts his constitutional claim when he presents it to the highest state court for a ruling on the merits. *Simmons v. Gramley*, 915 F.2d 1128, 1132 (7th Cir. 1990). Once the state's highest court has had a full and fair opportunity to pass upon the merits of the claim, a prisoner is not required to present it again to the state courts. *Humphrey v. Cady*, 405 U.S. 504, 516 n.18 (1972).

Here, it appears Neal has exhausted his state remedies. In his April 5, 2006, filing of the decision of the Supreme Court of Wisconsin denying his petition for review, Neal added a fourth claim to the three existing claims in his petition. Neal's four claim are as follows: (1) he claims that his appellate counsel was constitutionally deficient; (2) he claims that the Wisconsin Court of Appeals erred in dismissing his petition for a writ of habeas corpus and denying his motion to reconsider; (3) he claims the Supreme Court of Wisconsin erred in denying his petition for review on direct appeal; and (4) he claims the Supreme Court of Wisconsin erred in denying his petition for review of the Wisconsin Court of Appeals' denial of his state habeas petition.

It appears that these four claims were exhausted in state court. Neal's petition indicates he filed a direct appeal of his conviction, three motions for post-conviction relief, and a state habeas petition. The Wisconsin Court of Appeals affirmed the trial court's judgment of conviction on March 4, 2003, and on May 5, 2003, the Supreme Court of Wisconsin denied Neal's petition for review. On January 6, 2006, the Wisconsin Court of Appeals denied Neal's petition for a writ of habeas corpus alleging ineffective assistance of appellate counsel and post-conviction counsel. On March 15, 2006, the Supreme Court of Wisconsin denied Neal's petition for review of the Wisconsin Court of Appeals' denial of his state habeas petition.

The court next reviews Neal's petition under Rule 4 to determine whether any of his claims have been procedurally defaulted. Even though a constitutional claim in a federal habeas petition has been exhausted, the district court is still barred from considering the claim if it has been procedurally defaulted by the petitioner. *Mahaffey v. Schomig*, 294 F.3d 907, 915 (7th Cir. 2002); *Hough v. Anderson*, 272 F.3d 878, 892 (7th Cir. 2001). A state prisoner procedurally defaults a constitutional claim in a federal habeas petition when he fails to raise the claim in the state's highest court in a timely fashion. See *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999); *see also Hough*, 272 F.3d at 892. A state prisoner may also procedurally default a constitutional claim in a federal habeas petition by failing to raise the claim in a manner prescribed by state procedural laws. *Thomas v. McCaughtry*, 201 F.3d 995, 1000 (7th Cir. 2000). In the event a federal habeas petition contains a constitutional claim which was procedurally defaulted for any reason, the district

court may still review the claim, but only if the state prisoner can demonstrate adequate cause for his failure to raise the claim and actual prejudice as a result of the default, or demonstrate that failure to review the claim would result in a fundamental miscarriage of justice. *Id.* at 999.

Here, the court concludes Neal's claims are not procedurally defaulted because the Wisconsin Court of Appeals addressed and denied his claims on the merits and discretionary review was sought in the Wisconsin Supreme Court.

The court concludes its Rule 4 review by screening for patently frivolous and speculative claims in Neal's federal habeas petition. *Small v. Endicott*, 998 F.2d 411, 414 (7th Cir. 1993). Because it does not plainly appear Neal's claim is frivolous or speculative, the court will direct the respondent to file an answer to the claims in the petition.

The petitioner is advised that he must send copies of all future filings with the court to counsel for respondent, whether in letter, brief, memorandum, or other form. Until respondent files his or her answer, these copies should be sent to Assistant Attorney General Gregory M. Weber at 17 W. Main Street, P.O. Box 7857, Madison, WI 53707-7857. After the answer is filed, copies should be sent to the Assistant Attorney General who filed the answer.

Accordingly,

**IT IS ORDERED** that the parties in this action shall proceed in accordance with the following briefing schedule:

1. Respondent shall file an answer to the claims in petitioner's petition within thirty (30) days of service thereof.

2. Petitioner shall file a supporting brief, with reasons why the writ of habeas corpus should be issued, within sixty (60) days of service of respondent's answer.

3. Respondent shall file an opposition brief, with reasons why the writ of habeas corpus should not be issued, within sixty (60) days of service of petitioner's brief, or within one hundred and twenty (120) days from the date of this order if no brief is filed by petitioner.

Dated at Milwaukee, Wisconsin, this 19th day of April, 2006.

BY THE COURT:

s/J.P. Stadtmueller
J.P. STADTMUELLER
U.S. District Judge