## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

_____

PERRY R. NEAL,

        Petitioner,

        v.                                            Case No. 06-CV-123

PHIL KINGSTON,

        Respondent.

_____

## ORDER

Perry Neal moves the court to reconsider its decision dated October 18, 2006, dismissing his petition for a writ of habeas corpus as untimely under 28 U.S.C. § 2244(d)(1). Neal asserts that the Wisconsin Court of Appeals erred in striking his state habeas petition filed on November 3, 2005, and that extraordinary circumstances exist in his case warranting equitable tolling of the one-year limitation period.

Because Neal placed his motion for reconsideration in the U.S. mail at Waupun Correctional Institution within ten days after the entry of judgment dismissing his petition, his motion will be characterized as a motion pursuant to Fed. R. Civ. P. 59(e). Rule 59(e) gives the district court an opportunity to correct manifest errors of law or fact. *Divane v. Krull Elec. Co.*, 194 F.3d 845, 850 (7th Cir. 1999). A party can invoke the rule to direct the court's attention to matters such as newly discovered evidence or a manifest error of law or fact. *See Russell v. Delco Remy*,

51 F.3d 746, 749 (7th Cir. 1995). Rule 59(e) must be invoked within ten days of the entry of judgment. Fed. R. Civ. P. 59(e).

In his motion for reconsideration, Neal contends that under the Supreme Court's holding in *Haines v. Kerner*, 404 U.S. 519 (1972), the Wisconsin Court of Appeals was required to hold his pro se state habeas petition filed on November 3, 2005, to a less stringent standard. Therefore, Neal asserts, the Wisconsin Court of Appeals erred when it struck his state habeas petition because the petition was not verified as required by Wis. Stat. § 782.04, and because the petition exceeded the court's page limitation under Wis. Stat. Rule 809.51.

The court explained at length in its October 18, 2006 order that because Neal's first state habeas petition was not "properly filed" under Wisconsin law, the one-year limitation was not tolled under § 2244(d)(2) when he filed this petition. *See Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (holding that a petition for state post-conviction relief is properly filed for tolling purposes under § 2244(d)(2) if it is delivered to, and accepted by, the appropriate court officer for placement in the official record, and its delivery and acceptance are in compliance with the applicable state laws and rules governing filings); *Rice v. Bowen*, 264 F.3d 698, 701 (7th Cir. 2001) (holding that courts determine "whether a post-conviction petition is properly filed by looking at how the state courts treated it. If the courts considered the claim on the merits, it was properly filed; if they dismissed it for procedural flaws such as untimeliness, then it was not properly filed."). Because the state court struck Neal's habeas petition, it was not "properly filed" under Wisconsin law.

Neal also asserts that extraordinary circumstances exist in his case warranting equitable tolling of the one-year limitation period. Neal suggests that his appellate counsel misled Neal to keep him from knowing that his conviction had become final. Neal asserts that his appellate counsel took these actions in order to prevent Neal from filing a federal habeas petition alleging ineffective assistance of appellate counsel. However, several months of the one-year limitation period remained when Neal learned that his conviction had become final. Therefore, Neal could have filed his federal habeas petition at an earlier date. Additionally, Neal could have made efforts on his own at an earlier date to determine when the Supreme Court of Wisconsin denied his petition for review of his direct appeal.

As the court explained in its October 18, 2006 order, Neal fails to meet the criteria for the equitable tolling of the one-year period of limitations. *See Modrowski v. Mote*, 322 F.3d 965, 967 (7th Cir. 2003) (holding that equitable tolling excuses an untimely filing when "extraordinary circumstances far beyond the litigant's control . . . prevented timely filing."); *see also Williams v. Sims*, 390 F.3d 958, 963 (7th Cir. 2004) (holding that mistakes of law or ignorance of proper legal procedures are not extraordinary circumstances warranting invocation of the doctrine of equitable tolling); *United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000) (holding that attorney error was not a valid basis for equitable tolling when, due to attorney error, petitioner's claim was filed only one day late). Neal does not introduce new evidence or demonstrate a manifest error of law or fact that would lead the court to conclude that extraordinary circumstances exist in his case warranting equitable tolling of the

one-year limitation period, or to conclude that his habeas petition filed on January 30, 2006, was timely under § 2244(d)(1). In light of the foregoing, the court is obliged to deny his motion for reconsideration.

Accordingly,

**IT IS ORDERED** that the petitioner's motion for reconsideration (Docket # 25) be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 6th day of November, 2006.

BY THE COURT:

s/J.P. Stadtmueller
J. P. STADTMUELLER
U.S. District Judge